IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MARY M. KOEGEL FERTEL-RUST,

                      Plaintiff,                      OPINION and ORDER

    v.

                                                      11-cv-317-wmc

CITY OF MILWAUKEE POLICE DEPT.,
CITY OF WAUWATOSA POLICE DEPT.,
CITY OF MADISON POLICE DEPT.,
CITY OF SHOREWOOD, WIS. POLICE DEPT.
and CITY OF BROOKFIELD, WIS. POLICE DEPT.

                      Defendants.

---

This is a proposed civil action that plaintiff Mary Fertel-Rust, proceeding pro se, has filed against defendant police departments of the cities of Milwaukee, Wauwatosa, Madison, Shorewood and Brookfield, Wisconsin. Fertel-Rust has been allowed to proceed without prepayment of costs and fees in this action.

The next step is determining whether Fertel-Rust's proposed action is (1) frivolous or malicious, (2) fails to state a claim on which relief may be granted, or (3) seeks money damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). In addressing any pro se litigant's complaint, the court must read the allegations of the complaint generously. *Haines v. Kerner*, 404 U.S. 519, 521 (1972). In her complaint, Fertel Rust describes encounters with police officers in five different cities in 2010.

Unfortunately, there are several problems with Fertel-Rust's complaint. First, the police departments named as defendants are not legal entities that can be sued under § 1983. Under Fed. R. Civ. P. 17(b), state law determines whether a particular entity has the

capacity to be sued. As other courts have recognized, Wisconsin municipalities may be sued, Wis. Stat. § 62.25, but individual agencies and departments may not, including police departments. *Lawrence v. Lewandowski*, 2009 WL 2950611, *7 (E.D. Wis. Sept. 9, 2009) (dismissing Wauwatosa police department as defendant and substituting City of Wauwatosa); *Calmese v. Fleishauer*, 2006 WL 3361204, *3 (W.D. Wis. Nov. 17, 2006) (dismissing Madison Police Department as defendant); *see also Best v. City of Portland*, 554 F.3d 698 (7th Cir. 2009) (Indiana Police Department not suable entity under § 1983 ); *Chan v. Wodnicki*, 123 F.3d 1005, 1007 (7th Cir. 1997) (Chicago Police Department not suable entity). Litigants seeking redress for wrongs committed by the police must usually sue either the officers who violated their rights or the municipality that has authority over the police department. If Fertel-Rust chooses to file an amended complaint, she should substitute individual municipalities as the appropriate defendants.

On a related note, a municipality may not be held liable under § 1983 simply because it employs individuals who may have violated the law; rather, a city is liable only if it had a policy or custom that caused the constitutional violation. *Monell v. Dep't of Soc.Servs. of New York*, 436 U.S. 658, 694 (1978). Thus, to state claims against the municipalities, Fertel-Rust must allege facts suggesting that they had a policy or custom that caused the violation of her rights. She provides no such allegations in her complaint.

Second, Fed. R. Civ. P. 20 prohibits a plaintiff from asserting unrelated claims against different defendants or sets of defendants in the same lawsuit. Multiple defendants may not be joined in a single action unless the plaintiff asserts at least one claim to relief against each

defendant that arises out of the same transaction or occurrence or series of transactions or occurrences and presents questions of law or fact common to all. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); 3A *Moore's Federal Practice* § 20.06, at 2036-2045 (2d ed.1978). In this case, Fertel-Rust is attempting to bring claims against five different defendant police departments for an assortment of unrelated encounters. Even if Fertel-Rust had named proper defendants in her complaint, she would only be able to pursue claims against one of the municipalities in this individual lawsuit. She would have to file her other claims in four other individual lawsuits. The court will give Fertel-Rust a chance to provide an amended complaint naming only one municipality as a defendant. If Fertel-Rust submits an amended complaint by the deadline set by the court, her complaint will be screened pursuant to 28 U.S.C. § 1915.

ORDER

IT IS ORDERED that plaintiff Mary Fertel-Rust's complaint is DISMISSED without prejudice. Plaintiff may have until December 18, 2012 to submit a proposed amended complaint consistent with the requirements set forth above. Otherwise, the case will be dismissed for her failure to prosecute it.

Entered this 21st day of November, 2012.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge

3